```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
IN RE:
                                        Chapter 11
114 TENTH AVENUE ASSOC. INC.            Case No. 05-60099 (ALG)

              Debtor.
---------------------------------X
```

## STIPULATION

WHEREAS, by virtue of a pre-petition, State Court Judgment of Foreclosure and Sale ("Foreclosure Judgment") entered in a proceeding in the Supreme Court of the State of New York, New York County, entitled *NYCTL 1999-1 Trust v. 114 Tenth Avenue Assoc. Inc.*, Index No. 109239/2003 (the "State Court Action"), interested party, Carlton Capital Corp. ("Carlton") became the successful pre-petition auction vendee of the real property known as 114 Tenth Avenue, New York, New York (the "Premises") the record title to which presently stands in the name of Debtor, 114 Tenth Avenue Assoc. Inc. ("Debtor"); and

WHEREAS, the appellate proceedings on Debtor's motions in the State Court Action seeking to vacate the Foreclosure Judgment for absence of proper notice and on other grounds have been resolved and the Foreclosure Judgment has been upheld, *NYCTL 1999-1 Trust v. 114 Tenth Avenue Assoc. Inc.*, 44 A.D.3d 576, 845 N.Y.S.2d 235 (1st Dep't 2007), *app. dismissed* 10 N.Y.3d 757, 853 N.Y.S.2d 540 (2008), *reh'g denied* 10 N.Y.3d 883, 860 N.Y.S.2d 479 (2008), *cert. denied* , 555 U.S. \_\_\_\_, 129 S.Ct. 458 (Oct. 20, 2008); and

WHEREAS, the parties hereto seek to clarify the status of the automatic stay created upon the filing of the within chapter 11 petition with respect to the delivery of the deed for said Premises by the Referee appointed in the State Court Action (the "Referee"); and

WHEREAS, the parties desire a declaration that the automatic stay does not prohibit the Referee from delivering such a deed to Carlton.

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the undersigned attorneys as follows:

1.   That, pursuant the doctrine set forth in *Rodgers v. County of Monroe (In re Rodgers)*, 333 F.3d 64 (2nd Cir. 2002) and its progeny, the parties hereto consent to the entry of an Order that the automatic stay created by 11 U.S.C. §362(a) does not present a legal impediment to the delivery of the deed to the Premises by the Referee to Carlton or its assignee.

2.   This stipulation, when approved by the bankruptcy court shall operate as a declaration and order of said court that the automatic stay created by 11 U.S.C. §362(a) does not present a legal impediment to the delivery of the deed to the Premises by the Referee to Carlton or its assignee.

3.   This stipulation is without prejudice to any rights that have been or may be asserted in the State Court Action by the Debtor, Carlton, or any other party, except as set forth herein.

4.   A faxed or electronically signed copy of this stipulation shall be treated as an original for all purposes.

5.   This stipulation may be presented to the bankruptcy court for approval by any party without notice.

Dated: New York, New York
       December 22, 2008

_/S/_____          __/S/_____
JOEL SHAFFERMAN, ESQ.                  MICHAEL T. SUCHER, ESQ.
Attorney for the Debtor                Attorney for Carlton Capital Corp.
350 Fifth Avenue, Suite 2723           26 Court Street, Suite 2412
New York, New York 10018               Brooklyn, New York 11242
(212) 509-1802                         (718) 522-1995

Dated: New York, New York
January 5, 2009

SO ORDERED

*/s/ Allan L. Gropper*
U.S.B.J.